OPINION
Defendant-appellant, Ronald Cripps, appeals the decision of the Preble County Court of Common Pleas dismissing his petition for postconviction relief without an evidentiary hearing. We affirm the decision of the trial court.
On April 7, 1997, appellant was indicted on one count of rape of a person under thirteen of age and two counts each of corruption of a minor and illegal use of a minor in nudity-oriented material or performance. On October 14, 1997, a jury found appellant guilty as charged and appellant was sentenced accordingly. On September 8, 1998, this court upheld appellant's convictions. See State v. Cripps (Sept. 8, 1998), Preble App. No. CA97-12-031, unreported. On April 2, 1999, appellant filed a document styled "LEAVE SOUGHT TO MOTION: (Motion for "Resentencing" For Records: (and), "INDIGENCY"MEMORANDUM supportive!" which the trial court construed as a petition for postconviction relief pursuant to R.C. 2953.21. By entry filed May 13, 1999, the trial court overruled the petition without an evidentiary hearing on the ground, inter alia, that it was untimely filed, and that as a result, the court did not have jurisdiction to entertain it. From this decision, appellant filed a notice of appeal and presents the following four assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL MOTION COURT ERRED TO THE SUBSTANTIAL harm of the (appellant), TO NOT HOLD A HEARING AND TO ADOPT THE STATES DISMISS (Issue), "res Judicata" (where it would have discovered), Its not clearly applicable in this case sub judice! [sic]
Assignment of Error No. 2:
 THE TRIAL CT. ERRED WITH A (incomplete adjudication), (that leave "Fraud" "Deceipt" (extant)! In the Non consideration of the appellants "Motion to strike" (due to The Fraud)! [sic]
Assignment of Error No. 3:
 There is "Outrageous Police Misconduct, Substantially harmful (Miranda LAcunae), and, or (prosecutor), substantial (Misconduct, (to fradulize) "Miranda" (fact), (whether or not The Police presented the fact truly), (and) State Atty. (fradulized), Or Police witheld the certain fact (from the States Atty. [)] [sic]
Assignment of Error No. 4:
 Substantial U.S. 6th Amend. Violation, through (both), ineffective Assistance of Appeals Counsel, and Trial counsel, (as memorandized)! [sic]
In his first assignment of error, appellant argues that the trial court erred in denying his petition for postconviction relief without an evidentiary hearing.[1]
R.C. 2953.21 governs petitions for postconviction relief and unequivocally states that such petitions "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." R.C. 2953.21(A)(2). Because appellant was sentenced in 1997, well after September 21, 1995, the effective date of Am.Sub.S.B. No. 4, he had one hundred eighty days after the date the transcript was filed in his direct appeal to file his petition for postconviction relief. The trial transcript on appellant's direct appeal was filed on January 13, 1998. Appellant did not file his petition for postconviction relief until April 2, 1999, or four hundred forty-four days after the filing of the trial transcript. Appellant's petition was not timely filed.
Pursuant to R.C. 2953.23(A), a trial court may not entertain an untimely filed petition for postconviction relief unless the petitioner demonstrates either that "he was unavoidably prevented from discover[ing] * * * facts upon which [his petition relies]," R.C. 2953.23(A)(1)(a), or that "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(b). In addition to one of these two factors, the petitioner must also show "by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which [he] was convicted * * *." R.C. 2953.23(A)(2). Appellant does not allege any of the above exceptions entitling him to relief. As a result, the trial court had no jurisdiction to consider appellant's untimely filed petition for postconviction relief.
We therefore find that the trial court did not err in dismissing appellant's petition for postconviction relief without a hearing. Appellant's first assignment of error is overruled. The remaining assignments of error are overruled as moot.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.
[1] Appellant also appears to challenge the trial court's characterization of his motion as a petition for postconviction relief. Appellant's "motion" sought to correct his sentence on the basis that his constitutional rights had been violated. It is well-established that regardless of how a motion is captioned, "where a criminal defendant, subsequent to his * * * direct appeal, files a motion seeking vacation or correction of his * * * sentence on the basis that his * * * constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21" State v. Reynolds (1997), 79 Ohio St.3d 158,160.